UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE N. PEARL,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case Number 18-12713
Honorable David M. Lawson
Magistrate Judge Patricia T. Morris

**OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT**

The plaintiff filed the present action seeking review of the Commissioner's decision denying her claim for supplemental security income (SSI) under Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Patricia T. Morris under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for an award of benefits or for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Morris filed a report on June 19, 2019 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections, and the defendant filed a response. The matter is now before the Court.

The plaintiff, who is now 39 years old, filed her application for SSI benefits on April 29, 2014, when she was 34. In the application that is the subject of the present appeal, the plaintiff alleged a disability onset date of June 1, 2012. The plaintiff alleged disability due to closed head injury, back and neck pain, memory loss, dizziness, severe migraine headaches, concentration issues, and radiculothapy in the neck, upper back, lower back, and cervical spine.

The plaintiff's application for SSI benefits was denied initially on October 10, 2014. She timely filed a request for an administrative hearing, and on October 23, 2015, the plaintiff appeared before Administrative Law Judge (ALJ) David F. Neumann. On March 1, 2016, ALJ Neumann issued a written decision in which he found that the plaintiff was not disabled. The plaintiff appealed, and on May 15, 2017, the Appeals Council remanded the case because ALJ Neumann relied on new evidence in his determination that was not presented during the hearing and without affording the plaintiff an opportunity to respond to that evidence or request a supplemental hearing. The Appeals Council also found that ALJ Neumann did not indicate adequately in his written decision which findings from a prior hearing on May 26, 2011 remain binding, noting that the residual functional capacity (RFC) determination in his decision did not match the RFC finding in the earlier decision. The Appeals Council directed the ALJ on remand to allow the plaintiff to review and comment on the new evidence and to include decisional language explaining which findings from the prior decision remain binding.

On October 4, 2017, the plaintiff appeared before ALJ Therese Tobin for a second hearing, consistent with the Appeals Council's directives. On November 17, 2017, ALJ Tobin determined that the plaintiff was not disabled. On August 8, 2018, the Appeals Council denied the plaintiff's

request for review of ALJ Tobin's decision. The plaintiff filed her complaint seeking judicial review on August 30, 2018.

ALJ Tobin reached her conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 416.920(a). She found that the plaintiff had not engaged in substantial gainful activity since April 29, 2014 (step one); the plaintiff suffered from closed head injury, neck and back disorder, migraine headaches, degenerative joint disease of the wrist and knees, depression, status post surgery of right ureteral stricture, severe cervical sprain with radiculopathy, severe lumbar sprain with radiculopathy, thoracic radiculitis, anxiety, restless leg syndrome, and joint pain in hands bilaterally, impairments which were "severe" within the meaning of the Social Security Act (step two); and that none of those impairments alone or in combination met or equaled a listing in the regulations (step three).

Before proceeding further, the ALJ determined that the plaintiff retained the functional capacity to perform a limited range of light work. The ALJ found that the plaintiff frequently can reach in all directions bilaterally; handle, finger, and feel bilaterally; push and pull bilaterally; and use foot controls bilaterally. The plaintiff also occasionally could climb ramps and stairs, but never ladders, ropes, or scaffolds; occasionally could balance, stoop, kneel, crouch, and crawl; should avoid exposure to unprotected heights and moving mechanical parts; should avoid concentrated exposure to vibrations, humidity, wetness, extreme cold, extreme heat, fumes, odors, dusts, and pulmonary irritants; should limit herself to simple, routine, and repetitive tasks, but not at a production rate pace; should use judgment and deal with changes in the work setting limited

to simple work related decisions; and requires a sit-stand option permitting change in position if needed and without disturbing the workplace.

At step four, the ALJ found that the plaintiff could not perform the duties required for her past relevant work as a call center clerk, a sedentary, semiskilled job as generally and actually performed.

In applying the fifth step, the ALJ considered the testimony of a vocational expert, who stated that even with these limitations, the plaintiff could perform jobs such as hand packager, with 80,000 jobs existing nationally; small products assembler, with 80,000 jobs existing nationally; and visual inspector, with 80,000 jobs existing nationally. Based on those findings and using Medical Vocational Rule 202.21 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

The plaintiff raised three arguments in her motion for summary judgment. First, she argued that the ALJ committed reversible error by failing to comply with the Appeals Council's remand order, contending that the ALJ did not consider properly the plaintiff's new uterine conditions and resulting complications. Second, the plaintiff argued that the ALJ disregarded evidence that the plaintiff cannot stand or walk for most of an eight-hour workday, undermining a finding that the plaintiff can perform light work. And third, the plaintiff argued that the ALJ failed to weigh adequately the medical evidence bearing on the plaintiff's mental RFC as required by SSR 96-8p and SSR 85-15. In a comprehensive and thorough report, the magistrate judge rejected each of these arguments.

The plaintiff filed three objections to the magistrate judge's report and recommendation, two of which parroted her summary judgment arguments. The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

First Objection

In her first objection, the plaintiff argues that the magistrate judge incorrectly concluded that the Court lacks jurisdiction to review whether ALJ Tobin complied with the remand order. Citing *Kaddo v. Commissioner of Social Security*, 238 F. Supp. 3d 939, 944 (E.D. Mich. 2017),

the plaintiff argues that the failure by an ALJ to follow a remand order from the Appeals Council can constitute reversible error in federal court. The plaintiff believes that it was improper for the magistrate judge to accept the Appeals Council's finding that the ALJ's decision complied with its remand order. Without elaboration, the plaintiff insists that the ALJ did not comply with the Appeals Council's directives and urges the Court not to hide behind a jurisdictional bar to review.

The idea that a district court does not have jurisdiction to address the question whether an ALJ complied with the Appeals Council's remand order is traced to the Social Security Act's judicial review section, which reads: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . ." 42 U.S.C. § 405(g). Because a remand order is not a "final decision," the reasoning goes, a district court may not review whether an ALJ complied with such an order, because that is an internal agency matter. *See Brown v. Comm'r of Soc. Sec.*, No. 08-183, 2009 WL 465708, at *6 (W.D. Mich. Feb. 24, 2009). A number of courts have shared that view, although the position is by no means universal. *See Sharay v. Comm'r of Soc. Sec.*, No. 15-12531, 2016 WL 8114220, at *16 (E.D. Mich. Aug. 28, 2016) (citing cases), *report and recommendation adopted sub nom. Sharay v. Colvin*, No. 15-12531, 2016 WL 5539791 (E.D. Mich. Sept. 30, 2016); *Shope v. Comm'r of Soc. Sec.*, 2015 WL 3823165, at *8 (S.D. Ohio June 19, 2015) (same). The magistrate judge adopted the same approach here.

However, the Sixth Circuit has warned that attacks on the merits should not be confounded with jurisdictional challenges, admonishing courts to be more exacting when addressing

challenges that are phrased as an attack on jurisdiction. *Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515, 518-19 (6th Cir. 2006) ("'Clarity would be facilitated . . . if courts and litigants used the label 'jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority.'") (quoting *Eberhart v. United States*, 546 U.S. 12, 16 (2005) (per curiam), and citing *Kontrick v. Ryan*, 540 U.S. 443, 453 (2004)). The embodiment of that admonishment more recently is found in *United States v. Kwai Fun Wong*, --- U.S. ---, 135 S. Ct. 1625 (2015), where the Supreme Court held that the time limits in the Federal Tort Claims Act (FTCA) are nonjurisdictional and subject to equitable tolling. The Court stated: "In recent years, we have repeatedly held that procedural rules, including time bars, cabin a court's power only if Congress has 'clearly stated' as much." 135 S. Ct. at 1632.

An Appeals Council's remand order is issued under the authority of one of the many procedural rules that govern Social Security proceedings. *See* 20 C.F.R. § 404.977(a). When a remand order is issued, "[t]he administrative law judge shall take any action that is ordered by the Appeals Council . . . ." 20 C.F.R. § 404.977(b). That rule affords procedural protection to a claimant, much the same as other administrative regulations that routinely are reviewed after a final decision is issued by the Commissioner, such as the treating physician rule. *See Cole v. Comm'r of Soc. Sec.*, 661 F.3d 931, 937 (6th Cir. 2011) (citing 20 C.F.R. § 404.1402). It is difficult to see why the remand rule — an archetypical claims processing rule — ought to be viewed any differently. And it surely ought not be immune from judicial review as having been

-7-

isolated from the court's judicial power. Certainly, Congress has not "'clearly stated' as much." *Kwai Fun Wong*, 135 S. Ct. at 1632.

The Court has the authority to review an agency's compliance with its procedures. In fact, "[i]t is an elemental principle of administrative law that agencies are bound to follow their own regulations." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004). When the ALJ fails to follow the regulations, remand may be required even when substantial evidence otherwise might support the conclusions. *Id.* at 544.

This Court parts company with the magistrate judge in this case and the other courts who have found a district court's jurisdiction wanting on this issue. The Court holds that it has jurisdiction to address the question whether an ALJ complied with a remand order issued by the Appeals Council when the Court adjudicates a civil action filed after a final decision by the Commissioner.

The plaintiff cannot prevail on this issue, however, because, as the magistrate judge explained in detail, the ALJ in fact *did* comply with the remand order. The plaintiff did not object to that part of the magistrate judge's report, asserting, incorrectly, that the magistrate judge accepted the fact of compliance "without review." However, the magistrate judge devoted nearly three pages of her report addressing the merits of the plaintiff's argument. As she noted, the ALJ admitted evidence at the hearing with no objection from the plaintiff, who has not pointed to any evidence she has not been able to review in advance of the decision. Nor has the plaintiff pointed to any findings from the prior ALJ decisions that she believes should have controlled the disability determination here. The ALJ gave the evidence the "fresh look" required by *Earley v.*

*Commissioner of Social Security*, 893 F.3d 929, 933-34 (6th Cir. 2018). And the ALJ considered the plaintiff's "new" condition involving the uterine cyst, and her conclusion as to its impact on the plaintiff's disability is supported by substantial evidence.

The Court will not adopt that part of the report suggesting that the Court lacks jurisdiction to consider the ALJ's compliance with the remand order, but the plaintiff's first objection will be overruled on the merits.

## Second Objection

Next, the plaintiff argues that the magistrate judge erred when she concluded that ALJ Tobin's decision was supported by substantial evidence. The plaintiff asserts that the medical documentation and the plaintiff's testimony clearly established that the plaintiff would be off task 20 percent or more of the day and lacks the ability to stand, thereby undermining a finding that the plaintiff is capable of performing a wide range of work.

The problem with the plaintiff's objection was summarized succinctly by the magistrate judge's comment on the same flaw in her summary judgment motion: "she broadly alleges that the ALJ erred, without describing any particular mistakes, then cites evidence that she has an impairment as proof that it severely limits her functioning and ignores other materials that cut against her case." R&R at 42. The plaintiff spends her argument describing her ailments but fails to connect those conditions to any specific limitations supported by the whole record. Residual functional capacity is an assessment of the claimant's remaining capacity for work, once her limitations have been considered. 20 C.F.R. § 416.945(a). It is meant "to describe the claimant's residual abilities or what the claimant can do, not what maladies a claimant suffers from

— though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities."
*Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002).

The ALJ's determination of the plaintiff's RFC was supported by substantial evidence, as the magistrate judge explained in great detail. The plaintiff asserts the conclusion that unspecified "medical documentation" coupled with the plaintiff's testimony support the proposition that she would be off task for a fifth of the workday. Perhaps it does, but that does not mean there is an absence of substantial evidence supporting the ALJ's determination. The plaintiff's argument ignores the well-settled proposition that where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989).

The plaintiff's second objection will be overruled.

### Third Objection

And lastly, the plaintiff essentially rehashes the second argument raised in her motion for summary judgment, insisting that the plaintiff's inability to stand and walk for six out of eight hours each workday demands a more restrictive RFC. The plaintiff argues that her extensive medical records establish that she is unable to perform even light work, and that the ALJ's analysis did not properly account for the pertinent medical evidence.

The magistrate judge addressed each of the plaintiff's arguments and resolved each one correctly. The plaintiff's third objection will be overruled.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied

the correct law in reaching her conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report is **ADOPTED IN PART** and the recommendation (ECF No. 13) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections (ECF No. 14) are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment (ECF No. 11) is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment (ECF No. 12) is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: July 24, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on July 24, 2019.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI

---